IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Anthony Sarlo                                ., ]   | FILED: APRIL 17,2008 |
|             Plaintiff                             ] | 08CV 2194 NF |
| Vs                                                 ] | JUDGE LEFKOW |
|                                                    ] | MAGISTRATE JUDGE VALDEZ |
| Al Wojcik, David Donovan, Dan Carey ] | |
|             Defendants                         ] | |

COMPLAINT

Plaintiff Anthony Sarlo by and through his attorney, Susan P. Malone, complaining of defendants Al Wojcik, David Donovan and Daniel Carey, states as follows:

Jurisdiction and Parties

1. Plaintiff Anthony Sarlo is and was at all times relevant herein employed by the City of Chicago, Department of General Services. Sarlo is and was at all times relevant herein a resident of the City of Chicago, County of Cook, State of Illinois.

2. Defendant Albert Wojcik is and was at all times relevant herein employed by the City of Chicago, Department of General Services and, on information and belief, is and was at all times relevant herein a resident of the City of Chicago, County of cook, State of Illinois.

3. Defendant Daniel Carey is and was at all times relevant herein a resident of the City of Chicago, County of Cook and State of Illinois and is and was at all times

1

relevant herein employed by the City of Chicago, Department of General Services.

4. Defendant David Donovan is and was at all times relevant herein a resident of the city of Chicago, County of Cook, State of Illinois and is and was at all times relevant herein employed by the City of Chicago, Department of General Services.

5. This action is brought to secure redress of rights secured by the first and fourteenth amendment of the United States Constitution pursuant ot the Civil Rights Act of 1864, 42 U.S.C. Section 1983. All of the actions of the defendants herein were undertaken under color of law.

6. This Court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C. Section 1332 and 1343

7. Plaintiff Sarlo is and has been at all times relevant herein employed by the City of Chicago as a motor truck driver.

8. In August, 2006, Sarlo was injured and was absent from work until October 2, 2006.

9. Upon his return from his injury leave, Defendant Wojcik told Sarlo that he was being reassigned and that his assigned position had been filled. When Sarlo objected, Wojcik told Sarlo that he was going to reassign Sarlo to a remote location.

10. Shortly thereafter, Sarlo learned that an individual had been hired or transferred to the department who had political connections and influence. Sarlo told Wojcik

that he had learned that this reassignment had occurred because of the political influence of the new driver.

11. Wojcik threatened Sarlo to watch what he said or he would not have a job.

12. Thereafter, Wojcik would assign Sarlo to duties and responsibilities in excess of those assigned to other drivers, requiring Sarlo to perform more and more onerous duties than other drivers.

13. Sarlo informed the inspector general and others of the actions of Wojcik in the assignment and reassignments of drivers.

14. In March, 2007, Sarlo reported to the Commissioner of the General Services Department that he believed he had been harassed and retaliated against for good faith reporting of what he believed to be improper conduct.

15. Defendants were informed of the complaint by Sarlo and were aware of such complaint.

16. Overtime and weekend work assignments in the Department of General Services are assigned on a rotating schedule. For the weekend of July 13-14, 2007, Sarlo was not due to be assigned weekend work and had made plans with his family.

17. On or about July 12, 2007, Wojcik told Sarlo he would be required to work on that Saturday. Sarlo informed Wojcik that he had made commitments with his family for that weekend and that it was not his scheduled date to work. Wojcik responded that if Sarlo did not work that Saturday, Sarlo would not like what was going to happen to him.

18. On Friday, July 13, 2007, Sarlo was called into the office of Daniel Carey, who was acting as the acting head of the bureau of trades and engineering. Carey told

    Sarlo that he was being given a oral warning regarding the conversation with Wojcik as it had become loud. Sarlo told Mr. Carey that he had told Mr. Wojcik that he would not be able to work the following day due to family obligations and that he did not believe Wojcik ought be speaking to employees in the manner in which he had addressed Sarlo.

19. Carey did not instruct Sarlo that he was required to work.

20. Sarlo did not report to work on Saturday, July 13, 2007. Another individual who had been directed to work that Sunday, July 14, 2007 also did not report to work.

21. Sarlo inquired of his available options regarding Wojcik conduct and was instructed to inquire of the Human Resources section of the Department of General Services.

22. Sarlo went to the Human Resources Department of General Services regarding the conversation he had with Wojcik. He informed Fran Bailey, the Commissioner of Human Resources for the Department that Wojcik had in his view threatened him and acted in an improper manner on July 12, 2007. Bailey responded that she found that "hard to believe" and that she had heard of Sarlo before. When Sarlo asked about his options for recourse, Bailey told him he could file a complaint of violence in the workplace but that if he did so, and the Department believed the complaint was not true, "we will come after you".

23. On July 17, 2007, after being notified of Sarlo's complaint, Wojcik filed a report claiming that five days earlier on July 12, 2007, Sarlo had physically threatened Wojcik during the conversation by pointing his finger at Wojcik from 2 to 3 inches away and that Sarlo had to be physically restrained by another supervisor.

4

Wojcik named various persons as alleged witnesses to this incident which he stated lasted for two to three minutes.

24. On July 20, 2007, a meeting was held with Bailey in which Sarlo was given a two day suspension for failure to report for work on July 14, 2007 by Wojcik.

25. On July 23, 2007, Sarlo wrote the Commissioner of General Services as he had in March, 2007 requesting review and redress.

26. On August 14,2007, Carey, who had given Sarlo a oral warning for discourtesy and for walking away from Wojcik on July 12, 2007 , filed a report in which he stated that he was present at the July 12, 2007 conversation. Carey stated that Sarlo had to be held back by "many" city employees and that Carey had told Sarlo that he would contact the police.

27. On August 14, 2007, David Donovan filed a report in which he contended that he too had been present at the 2-3 minute conversation and that he had heard Sarlo trying to attack Wojcik and directing Wojcik to "step outside".

28. Neither Donovan nor Carey were present that the conversation between Wojcik and Sarlo on July 12, 2007.

29. On August 14, 2007, Richard Enault filed a report in which he stated that he had entered the area as the conversation between Wojcik and Sarlo began and that he then went to his office and then to Carey's office. He stated that he could hear some yelling and that he and Carey then went to the location of the conversation. Enault contended that he could hear Sarlo "screaming" at Wojcik as he was "held back". . .

5

30. Donovan, Carey, and Wojcik all listed different persons as being present at the short conversation.

31. As a result of the actions and statements of the defendants, Sarlo was suspended for three days.

32. The actions of defendants in filing and pursuing a complaint against Sarlo were in retaliation for his actions in reporting and complaining about preferential assignments and workload for persons with political influence and for complaining of retaliation for such reports

33. As a direct and proximate results of the defendants actions, plaintiff has sustained damage in that plaintiff has lost wages and benefits and has sustained emotional distress, humiliation and embarrassment.

Wherefore Plaintiff requests this Honorable Court to order the following relief

1. That this Court award Plaintiff compensatory damages against defendants and each of them in such amount as may be found by the jury to be sufficient to compensate plaintiffs;

2. That this court award plaintiffs attorneys fees and costs

3. That this court order defendant to cease utilizing political considerations in assignments and promotions and to refrain from retaliating against those who complain of such actions.

4. For such other and further relief as to this Court shall seem just

## COUNT II

1-32. Plaintiff repeats and realleges as paragraphs one through thirty two of this Count II, paragraphs one through thirty two of count I and states

34. Defendants and each of them are relatives of persons who have held elective office or been advisors to political figures, are frequent contributors to political campaigns and/or serve as precinct captains in the city of Chicago.

35. The Defendants are or were all times relevant herein supervisors in the department of General Services Bureau of Trades and Engineering. Under defendants supervision of their respective areas at the Bureau of Trades and Engineering for many years and continuing through 2007, promotions, assignments, transfers and other benefits of employment were given to those with political connections and influence.

36. Defendants and each of them participated in and promoted providing promotions, preferential assignments and benefits to those with political influence and threatening and seeking to discourage employees without such influence from opposing their actions.

37. Defendants' actions in retaliating against Sarlo were undertaken with reckless disregard of his right to be free from political influence in hiring, promotion and assignments within the municipal service.

Wherefore Plaintiff Anthony Sarlo respectfully requests this Honorable Court to award plaintiff punitive damages in an amount to be determined by the jury sufficient to punish and deter said defendants.

PLAINTIFFS REQUESTS A JURY TRIAL ON

ALL ISSUES SO TRIABLE

                Respectfully submitted


                __s/malonelaw@sbcglobal.net

                Susan P. Malone

Susan P. Malone
20 N Clark Street
Suite 1725
Chicago, Il 60602
(312) 726-2638