IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SARLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2194 |
| v. | ) | |
| | ) | Judge Lefkow |
| AL WOJCIK, DAVID DONOVAN and, | ) | |
| DAN CAREY | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, Al Wojcik, David Donovan, and Dan Carey, through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and pursuant to Federal Rules of Civil Procedure 12(b)(6), move to dismiss the complaint filed by plaintiff Anthony Sarlo in its entirety. In support of their motion, defendants state as follows:

1.  Plaintiff is a City employee who works as a motor truck driver in the Department of General Services (Compl.¶ ¶ 1, 7). Plaintiff claims that when he returned from his medical leave in October 2006, his regular assignment had been filled and he was assigned to work at a different location. (Id. at ¶ 9). Plaintiff claims that his original assignment was filled by someone with political connections and that after he reported this to the City, Al Wojcik, David Donovan and Dan Carey retaliated against him for his report. (Id. at ¶¶ 9, 10, 32). Plaintiff further claims that he was given a three-day suspension for the July 12, 2007 incident with Wojcik. (Id. at ¶¶ 23, 26, 27, 31).

2.  On April 17, 2008, plaintiff filed a two-count complaint under 42 U.S.C. § 1983, alleging that defendants' conduct violated his First and Fourteenth Amendment rights under the

United States Constitution.

    3.    When considering a 12(b)(6) motion, the court must assume all well-pleaded allegations in the complaint are true and must construe them in a light most favorable to the plaintiff. Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir. 1993). The court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002). And, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998) (citations omitted). In deciding this motion, the court can consider any documents incorporated or referenced in the complaint. See Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002); Menominee Indian Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998), cert. denied, 526 U.S. 1066, 119 S. Ct. 1459 (1999). A motion to dismiss should be granted if the complaint fails to state a claim that entitles plaintiff to relief. Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir. 1989).

    4.    Plaintiff's complaint should be dismissed for several reasons. First, Plaintiff's allegation regarding his alleged reassignment in October 2006 is barred by the accord entered in Shakman v. Chicago, 69 CV 2145. Second, suing the individual defendants in their official capacity is the same as suing the City. Thus, the official capacity suits against the individual defendants should be dismissed. Third, even if plaintiff is suing defendants in their individual capacity, he cannot establish a claim upon which relief can be granted under Section 1983.

    WHEREFORE, for the foregoing reasons, as well as those stated in their memorandum of law in support, defendants Al Wojcik, David Donovan and Dan Carey, respectfully request that this Court dismiss plaintiff's complaint with prejudice.

        Respectfully submitted,

        MARA S. GEORGES,
        Corporation Counsel of the City of Chicago

s/    <u>Melanie Patrick Neely</u>
        MELANIE PATRICK NEELY
        JENNIFER C. ADDISON
        Assistants Corporation Counsel

30 North LaSalle, Suite 1020
Chicago, Illinois 60602
312/744-5114/5122

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused to be served a true and correct copy of **Defendants' Motion To Dismiss and Memorandum of Law In Support** on plaintiff's counsel of record, as identified below, by the United States District Court for Northern District of Illinois, Eastern Division's electronic case filing system, on the 10th day of July 2008.

Susan P. Malone
20 North Clark Street
Suite 1725
Chicago, IL 60602

By:   s/ Melanie Patrick Neely
        MELANIE PATRICK NEELY
        Assistant Corporation Counsel