IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Anthony Sarlo          .,         ] | |
|           Plaintiff                     ] | |
| Vs                                      ] | 08 CV 2194 |
|                                              ] | Hon. Judge Lefkow |
| Al Wojcik, David Donovan, Dan Carey    ] | Hon Magistriate Judge Valdez |
|           Defendants                ] | |

Response to Defendants Motion to Dismiss

Plaintiff Anthony Sarlo by and through his attorney, Susan P. Malone, in response to the defense motion to dismiss for failure to state a claim, states as follows

Introduction.

Defendants seek dismissal on three separate grounds. First, defendants contend that the Section 1983 claim against the individual defendants is barred by the resolution of the Shakman contempt claims against the City and Mayor for violation of the 1972 and 1983 consent decrees. Second, defendants contend that if the plaintiff is seeking to bring an action against them in their official capacity, the claim must be dismissed. Third, defendants seem to be claiming that there is insufficient factual assertions of adverse action or causal connection between the defendants and the plaintiff.

Plaintiff is not seeking to bring a claim against these defendants in their official capacity nor is that claimed in the complaint. Thus, the second ground for dismissal is both unnecessary and inapplicable.

  I.   PLAINTIFFS SECTION 1983 CLAIM AGAINST THE INDIVIDUALS IS
       NOT BARRED BY THE MAY 2007 ACCORD RESOLVING THE
       CLAIMS AGAINST THE CITY AND MAYOR.

1

Defendants acknowledge that the complaint does not allege violation of the Shakman consent decrees. Had plaintiff been seeking to bring a claim under the consent decree, that would have been stated. Clearly, where a party seeks relief under a consent decree, the party files a petition for rule to show cause why the offender ought not be held in contempt – not an independent action under Section 1983. The City's suggestion that if plaintiff had filed such an action, it would have sought dismiss is, as with the official/individual capacity argument moot. This is not a petition for rule to show cause against the City or Mayor.

It has long been recognized that a claim under the Shakman decree and an independent 1983 claim are two different claims under different legal theories. A Shakman compliance action must generally be filed within six months of the violation, does not carry with it any right to a jury trial, compensatory or punitive damages and requires proof only of a violation of the provisions of the decree.

Defendants seem to suggest that the settlement between the city and the Shakman class plaintiffs provides a defense to any City employee who is accused of Section 1983 violations before or after May 31, 2007. Defendants are wrong.

As defendants acknowledge, the Shakman accord was reached in May, 2007. The Accord provides that it is only applicable to claims prior to May 31, 2007. The claim procedures and process explicitly state that the accord claim process does not cover nor attempt to cover claims or events after that date.[1] (Ex. A). The complaint alleges violations of Sarlo's rights as a public employee throughout July and August 2007.

---

[1] The Shakman accord established the claim process and procedure for claims up to May 31, 2007. After that time, although the Shakman accord remains in effect, City employees have the option of utilizing the accord process, filing a shakman compliance complaint or seeking any other relief, i.e. Section 1983, available.

2

The accord provides clearly that as to such claims, the individual employee has an election to make. He or she may seek to utilize the accord process or, may bring an action in court for either violation of the Shakman Accord or other relief provided by law. (Ex. A, pg 21.

The accord provisions clearly anticipate that as for events and claims arising after May 31, 2007, an individual employee retained his or her rights to bring a claim of a Shakman violation or a claim under Section 1983 or both.

The Accord affects this in only one other aspect. The accord claim procedures called for individuals to file claims with the monitor by September, 2007. In order to file a claim, an individual employee was required to submit, with the claim package, a signed release. (Ex. B). That release and those claims too were limited to events and damage prior to May 2007. [2]

Defendants appear to be complaining of the fact that the complaint states that the problems for Sarlo began after October 2006 when he returned to work. Defendants thus appear to be seeking, not to dismiss the claim but to dismiss a paragraph. Rule 12(b)(6) applies to seek to dismiss claims not allegation or paragraphs within the claim. The factual background of what happened to Sarlo during the late 2006 and early 2007 is clearly appropriate to the question of what transpired after May 31, 2007. Defendants cite no authority for their suggestion that this court ought strike a paragraph of a claim. Defendants do not contend that the Shakman accord provides any shelter for them for events occurring after May 31, 2007.  Thus even assuming

---

[2] Perhaps defendants are arguing that because of the accord, discovery and evidence of their pre May 2007 actions are barred. Nothing in the accord supports this and defendants cite no authority for that proposition. In any event, it is undisputed that as the claim alleges post accord actions, it cannot be barred by the accord.

3

defendants are correct that Sarlo cannot recover damages for events that occurred prior to May 31, 2007, their motion to dismiss must be denied.

One of the problems with the Shakman accord process is that it necessarily left people in positions of authority who had attained their positions by political influence and connections. Even assuming that the Shakman accord provides those individual defendants with retroactive immunity for their actions before May 31, 2007, there is no basis to contend that the Accord affects their liability for actions after that date. The complaint alleges actions after that date and is not barred by the accord.

II.     THE COMPLAINT SEEKS RELIEF AGAINST THESE DEFENDANTS NOT THE CITY AND IS NOT AN OFFICIAL CAPACITY CLAIM.

Defendants assert that where a complaint is filed against individual city officials, seeking damages and relief to preclude those officials from repeating misconduct, it is presumptively an official capacity suit and therefore must be dismissed. Defendants are in error. In Hill vs. Shelander, 924 F.2d 1370 (7th Cir, 1991), the plaintiff amended his complaint to clarify that case was brought as an individual capacity suit. Defendants responded that this represented a "change in party" after the limitations period. In reviewing that question, the court looked at the nature of the claim and the nature of the relief sought.

"The point is not that an official capacity suit is to be presumed any time that the complaint fails to explicate clearly the capacity in which the defendant is to be sued. On the contrary, Kolar stands for the proposition that an official capacity suit will be

4

presumed when the indicia of an official policy or custom are present in the complaint. Hill vs. Shelander, 924 F.2d. 1370, 1373.

"..Hill's complaint, when 'read in its entirety' plainly shows an individual capacity suit was intended. As injunctive relief against a state official may be recovered only in an official capacity suit, so may punitive damages be recovered against a government actor only in an individual capacity. In addition to the relief requested, the unconstitutional conduct alleged involves Shelander's individual actions and nowhere alludes to an official policy or custom that would shield him from individual culpability". Id at 1374.[3]

In the present case, Sarlo is seeking compensatory and punitive damages and other relief against the individual defendants not the City. While it is true that the request for relief seeks an injunction to stop these individuals from continuing their individual acts of misconduct, the defendants have not sought to strike that request. Assuming arguendo that the court were to find that the prayer for relief in an individual capacity action cannot include a request that individuals cease their improper conduct, that relief would of course be denied.

As stated herein, plaintiff has not pled and does not seek to bring this action against the defendants in their official capacity.

III.  THE COMPLAINT SUFFICIENTLY ALLEGES THE PERSONAL INVOLVEMENT OF WOJCIK, DONOVAN AND CAREY IN THE ACTIONS AGAINST PLAINTIFF.

Defendants contend that complaint does not allege sufficient personal involvment of Wojcik, Carey and Donovan in the retaliatory work assignments by Wojcik,

---

[3] Indeed, the timing of these events after May 31, 2007 may be relevant. Sarlo alleges that even before the claims process had closed, these defendants who acquired their position through political connections, were back to retaliating against employees who complained. During the summer and fall of 2007, all City employees, including these defendants had to be aware of the illegality of such conduct and the fact that these individuals continued to so act clearly indicates their culpability.

5

(paragraph 11-13), the complaints of retaliation by Sarlo and the defendants knowledge of those complaints (paragraph 14-15), and the actions of Wojcik Carey and Donovan in the retaliatory suspensions by Wojcik with the support of Carey and Donovan. (Paragraph 16-29).

The cases cited by the defendants in support of their contrary argument are factually and legally distinct. In <u>Black vs. Lane,</u> 22 F.3d 1395 (7th Cir. 1994), an inmate complained of harassments, discrimination and other violations by various prison officials. The Seventh Circuit reversed the dismissal of many of the officials who were personally named as being involved in the beatings or other forms of harassment. In a footnote, the court noted that dismissing the administrative officer where the sole allegation was that he was in charge of administration and responsible for the prison was not error. Because all of the other defendants were either involved with or knew of the actions of the defendants, the court found dismissal improper. Similarly, in <u>Estate of Porter vs. Nelson</u>, 36 F.3d 684 (7th Cir. 1994), an involuntarily committed inmate was killed by a fellow inmate patient. Two of the named defendants, the director and deputy director were not present at the time of the incident. The decision cited by the defendants does not address the courts dismissal of the individual capacity claims. In that decision the court merely noted that the earlier order which found that the complaint did not plead the necessary elements of an 8th amendment claim such as actual notice of imminent harm had not been appealed. In the present case, Wojcik and Carey knew that the order to report to work was improper and nevertheless suspended Sarlo. Carey, Donovan and Wojcik knew that their reports of Sarlo's action were not true yet suspended and facilitated the

6

suspension anyway. Wojcik knew that it was inappropriate to retaliate against Sarlo for reporting political hires but did it anyway. All three were personally involved in the actions against Sarlo.

Defendants further rely upon <u>Palda vs. General Dynamics Corp</u> 47 F3d 872, 875 to support their assertion that the allegation of the casual connection between the defendants actions in discriminatory assignments, false reports and discipline against plaintiffs and his action in reporting and complaining of political influence were insufficient. Mr. Palda brought a breach of contract claim against his former employer. He contended his written agreement, attached as an exhibit, entitled him to certain stock options. The Agreement explicitly required certain preconditions to the option, none of which were alleged to have occurred in the complaint. The Court found that where a cause of action arises out of a contract, attached to the complaint as an exhibit and that attachment shows unambiguously on its face that the relief sought is not warranted, dismissal is both justified and appropriate. That case, of course does not address Section 1983, employment or retaliation.

In <u>Simpson vs Nickel,</u> 450 F.3d 303 (7th Cir. 2006), Judge Easterbrook provided guidance to the defense bar considering motions to dismiss. A prisoner complained that he had been retaliated against. The district court dismissed the complaint based upon a defense argument that the complaint did not lay out all required elements. Judge Easterbrook noted

"It is why [a]ny district judge (**for that matter, any defendant**) tempted to write this complaint is deficient because it does not contain..' should stop and think "What rule of law requires a complaint to contain that allegation…It is also why any decision declaring this complaint is deficient because it does not allege X is a candidate for summary reversal unless X is on the list in Fed.R.Civ.Pro 9(b)…What is more an obligation to allege some matter in a complaint does not entail an obligation

7

to "establish" that issue at the pleading stage; support for one's allegations comes later, in response to a motion for summary judgment or trial…Simpson's claims rest on 42 U.S.C. section 1983 and there are no heightened pleading requirements for suits under that statute. Facts need not be established or even alleged (fact pleading is unnecessary), a plaintiff receives the benefit of any fact that could be established later consistent with the complaint's allegations" 450 F.3d at 305-306. (Emphasis added)

Defendant complain that the complaint alleges that Wojcik with the knowledge of Carey suspended Sarlo for not reporting for work on a day Sarlo acknowledges he did not work. Defendants ignore the allegation that Sarlo was not supposed to work that day under the schedule, and that Wojcik and Carey were aware of this. (Par. 16-19). Another individual who also had been directed to work engaged in the same conduct (paragraph 20) but Sarlo was suspended.

Defendants also appear to be complaining of the fact that the complaint alleges that other individuals participated in some of the activities but were not named as defendants. Plaintiff is unaware of any pleading rule that requires a plaintiff name each and every person who participated in defendants' improper actions.[4]

Conclusion

For the reasons stated herein, plaintiffs respectfully request this Honorable Court deny the defendants motion to dismiss for failure to state a claim. In the alternative, should the court deem any of the allegations insufficient, plaintiff would request this Court grant plaintiffs leave to amend.

---

[4] Indeed, as defendants note, only those who actively participate in the action or, in their position of power, are aware of the action and could stop it but do not, are likely to be proper defendants. Defendants surely cannot complain that the plaintiffs ought name all persons who were present but not in a position to retaliate, participate in the retaliation or take effective action to stop the retaliation as is the case with these defendants.

8

Respectfully submitted


___s/malonelaw@sbcglobal.net

Susan P. Malone

Susan P. Malone
20 N Clark Street
Suite 1725
Chicago, Il 60602
(312) 726-2638

Certificate of Service

The Undersigned certifies that she caused to be served a true and correct copy of Plaintiff's Response to Defendants' Motion to Dismiss on defendants counsel of record identified below by the United States District Court for the Northern District of Illinois, Eastern Division Electronic Case Filing System on the 7th Day of August, 2008

Valerie Harper
Melanie Patrick Neely
Jennifer Addison
30 N Lasalle Suite 1020
Chicago, IL 60602

By__s/malonelaw@sbcglobal.net

Susan P. Malone

Susan P. Malone
20 N Clark Street
Suite 1725
Chicago, Il 60602
(312) 726-2638

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, PAUL M. LURIE, KENNETH AYERS, ANN M. KING, INDEPENDENT VOTERS OF ILLINOIS-INDEPENDENT PRECINCT ORGANIZATION, MICHAEL SULLIVAN, DARRYN JONES, STUART MAJERCZYK, RICHARD GRAMAROSSA and CONNIE GRAMAROSSA, et al., ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case Number: 69 C 2145 |
| ) | |
| v. ) | Judge Andersen |
| ) | |
| ) | Magistrate Judge Schenkier |
| DEMOCRATIC ORGANIZATION OF COOK COUNTY, THE CITY OF CHICAGO, RICHARD M. DALEY, INDIVIDUALLY AND AS MAYOR OF THE CITY OF CHICAGO, REPUBLICAN STATE CENTRAL COMMITTEE OF ILLINOIS, REPUBLICAN COUNTY CENTRAL COMMITTEE OF COOK COUNTY, et al., ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**AGREED SETTLEMENT ORDER AND ACCORD**

**SUMMARY OF PROCEEDINGS**



The SDM will prepare and file semi-annual reports with the Court, and copies will be provided to counsel for the parties. The parties may provide input to the Court regarding information contained in the SDM's reports.

E.   Post-Accord Review and Enforcement.

(1)   Plaintiffs' Review of Accord Performance. Plaintiffs shall be entitled to review the City's performance under the Accord and the new hiring and promotion plan described in Sections II.A-C (the "New Plan") through counsel of their choice, may present matters to the Court, including but not limited to, suggestions or objections to any proposal or motion for termination or modification to the Accord or the New Plan, and may petition the Court for costs and attorneys' fees incurred as part of their reasonable and appropriate review hereunder.

(2)   Plaintiffs' Enforcement Actions on Behalf of Class Members Other Than Campaign Candidates. Plaintiffs may also seek enforcement of the Accord and New Plan (although as provided in the next paragraph Michael L. Shakman and Paul Lurie may not seek enforcement on behalf of individual candidates or slate of candidates in connection with any particular campaign for public office), through counsel of their choice on behalf of Class Members for matters arising after the final approval of the Accord ("Enforcement Actions"). In the event Plaintiffs prevail in any Enforcement Actions, the City shall pay the Plaintiffs' reasonable attorneys' fees and costs incurred in any such Enforcement Actions.

(3)   Waiver by Named Plaintiffs of Enforcement on Behalf of Campaign Candidates. Although Michael L. Shakman and Paul M. Lurie have not been dismissed as Plaintiffs in the Second Amended Complaint, by agreeing to the Accord, they waive any and all rights

each Claimant who has received an award at her or his last known mailing address. The City shall provide the SDM and Plaintiffs' Class Counsel with a complete list of all amounts paid, the recipients and the dates of payment.

G.     Remainder to the City. Any portion of the fund remaining after payment of all claims will revert to the City.

**II.**     Release.

1.     Released Claims. As used herein, the term "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, controversies, costs, expenses or attorneys' fees, of every nature and description whatsoever that have been or could have been asserted in the Action and whether now known or unknown, suspected or unsuspected, arising out of employment decisions of any kind (including, but not limited to, hiring, promotion, termination, assignments, disciplinary decisions, overtime and the like) made by the City with respect to Class Members prior to the final approval of the Accord by the Court and based on the claim that those employment decisions were impermissibly motivated by political considerations, including but not limited to any claims for violations of the 1972 Consent Judgment or the 1983 Consent Judgment.

2.     Released Parties. As used herein, the term "Released Parties" means: the City, Mayor Richard M. Daley, the City Council, and all of the City's employees, agents, advisors, and attorneys, and their respective heirs, executors, administrators, personal or legal representatives, successors, transferees and assigns.

3.     Final Settlement of Claims. The obligations incurred by the City pursuant to this Accord shall be in full and final disposition and settlement of all claims, actions,

suits, causes of action, and liabilities relating to any of the facts, transactions, events, occurrences, acts or omissions which have been asserted or could have been asserted by the Class against the Released Parties in the Action.

4. <u>Effect of Release</u>. Once the Accord has been finally approved by the Court, the time for appeal has run or all appeals have been finally exhausted and the Accord has been affirmed upon any such appeal, and the City has made the payments from the $12 million fund required by the Accord, all Released Claims that have been or could have been asserted by any member of the Class against the Released Parties or any of them shall be forever extinguished and released, regardless of whether any claim has been filed pursuant to the Claims provisions of the Accord in Section III above.

**IV.  Procedure for Alleged Violations Occurring After the Entry of the Accord.**

Any individual who believes that he or she is a victim of unlawful political discrimination in connection with any aspect of City employment alleged to have occurred during the period that this Accord is in effect may file a complaint with the Inspector General's Office, elect to go to Arbitration under the Accord, and/or file a complaint in federal court. In order to elect to go to Arbitration under the Accord, the individual must first file a complaint with the Inspector General's Office. If an individual elects to go to Arbitration under the Accord, that individual is barred from also filing a complaint in federal court. If an individual files a complaint in federal court for a violation that occurs during the period that this Accord is in effect, that individual cannot elect to go to Arbitration under the Accord.

A. <u>Accord Complaint Process</u>

(1) <u>Making an Accord Complaint</u>. Any individual who believes that he or she is a victim of unlawful political discrimination in any aspect of City employment alleged to have occurred during the period that this Accord is in effect can make an Accord Complaint. In order

Exhibit III.D

# ACCORD CLAIM PROCEDURES

Pursuant to the

## AGREED SETTLEMENT ORDER AND ACCORD ("ACCORD")
Entered in *Shakman, et al. v. Democratic Organization of Cook County, et al.*
(the "Shakman Case")

### COMPLETED ACCORD CLAIM FORMS (Form 2) AND RELEASE OF CLAIMS AGAINST THE CITY OF CHICAGO FORMS (Form 3) MUST BE RECEIVED BY THE SHAKMAN DECREE MONITOR BY SEPTEMBER 28, 2007

If you believe that you have been subjected to unlawful political discrimination in connection with hiring, promotion, overtime or any other aspect of employment with the City of Chicago **between January 1, 2000 and May 31, 2007** (the date of final approval of the Accord), you may submit a completed Accord Claim Form (Form 2) to the Shakman Decree Monitor to be considered for possible money damages.

**Completed Accord Claim Forms (Form 2) and Release of Claims Against the City of Chicago Forms (Form 3) must be received by the Shakman Decree Monitor by September 28, 2007 (the "Claim Deadline").**

**Send completed Accord Claim Forms and a signed Release of Claims Against the City of Chicago to:**

> Noelle Brennan
> Shakman Decree Monitor
> Brennan & Monte, Ltd.
> 20 S. Clark
> Suite 1530
> Chicago, IL 60603

**Submitting an Accord Claim Form does not guarantee a monetary award.**

I.  **Am I Eligible to File an Accord Claim?**

You may submit an Accord Claim Form (Form 2) if (1) you applied for a job or had a job with the City of Chicago and (2) you believe that you were subjected to unlawful political discrimination in connection with any employment decision by the City of Chicago that occurred **between January 1, 2000 and May 31, 2007**.

"Employment decision" includes, but is not limited to, any decision involving hiring, firing, promotion, job assignment, transfer, disciplinary action and overtime.



1