IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SARLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2194 |
| v. | ) | |
| | ) | Judge Lefkow |
| AL WOJCIK, DAVID DONOVAN, and | ) | |
| DAN CAREY, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Al Wojcik, David Donovan and Dan Carey, through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and pursuant to Federal Rules of Civil Procedure 12(b)(6), submit the following reply memorandum in further support of their motion to dismiss the complaint filed by Plaintiff in its entirety.

**ARGUMENT**

Defendants acknowledge that Plaintiff has clarified that he sues each of the defendants in their individual capacities and not their official capacity. Plaintiff contends that his claim regarding October 2006 events is "background" to his later claims. Defendants reserve their defense that the Shakman decree bars Plaintiff's pre-2007 claims for summary judgment rather than moving to strike. Accordingly, Defendants' remaining contention is that Plaintiff has failed to adequately allege a Section 1983 claim against the individuals. Plaintiff's Section 1983 claim alleges two deprivations after the October 2006 incident - a two-day suspension for failing to appear for work the weekend of July 14-15, 2007 and a three-day suspension for a Violence in the Workplace incident.

I.   **The Two-Day Suspension**

In order to properly plead a Section 1983 claim against individuals, Plaintiff must allege facts in his complaint that the defendants were personally involved in the deprivation of his constitutional rights. Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997). This Plaintiff has failed to do. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Beeson-Dwars v. Morris LLP, 06 C 5593, 2007 WL 2128348 *1 (N.D.Ill.) (July 24, 2007). Donovan is not mentioned at all with regards to the two-day suspension. Nor has Plaintiff established the elements of a Section 1983 claim against the Wojcik or Carey either. First, Plaintiff has not alleged that he suffered a deprivation. He admits that his supervisor, Wojcik, told him he would be required to work that weekend (Complaint ¶ 17) and he admits that he did not report to work. Complaint ¶ 20. Plaintiff cannot claim he suffered a "deprivation" when he was disciplined for admittedly failing to appear for work. Second, Plaintiff has not shown that the Defendants committed any wrongdoing. In response to Defendants' motion to dismiss, Plaintiff claims that "Wojcik and Carey knew that the order to report to work [overtime the weekend of July 14-15, 2007] was improper and nevertheless suspended Sarlo." Response, p. 6. In fact, Plaintiff has not pled in his complaint that Wojcik knew that the order to report to work was improper. Complaint ¶ 17. Nor has Plaintiff pled that Carey knew the order to report to work was improper. In fact, Plaintiff alleges "Carey did not instruct Sarlo that he was required to work." Complaint ¶19. A plaintiff cannot amend a complaint in his response to a motion to dismiss. Car Carriers Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). Third, even if Plaintiff alleges that the two-day suspension was a

deprivation, Plaintiff does not allege that Carey suspended him. Instead, he alleges that "a meeting was held" with Fran Bailey, the Department of General Services' Personnel Director, at which he received a two-day suspension. Complaint ¶ 24. Donovan should be dismissed as a defendant since he is not mentioned at all with regards to the two-day suspension. Wojcik and Carey should be dismissed because Plaintiff admits that he did not appear for work on the days for which he was disciplined. Finally, Carey should be dismissed because Plaintiff does not allege that Carey suspended him or caused him to be suspended for two days.

## II.   The Three-Day Suspension

Plaintiff also argues in his motion that "Carey, Donovan and Wojcik knew that their reports of Sarlo's action were not true yet suspended and facilitated the suspension anyway. Wojcik knew that it was inappropriate to retaliate against Sarlo for reporting political hires but did it anyway." On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Papasan v. Allain, 478 U.S. 265, 286 (1986). Again, Plaintiff does not allege anywhere in his complaint that the Defendants made the decision to suspend him. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir.1996); Benson v. Cady, 761 F.2d 335, 339 (7th Cir.1985). Plaintiff fails to establish any causal link between any alleged wrongful conduct by Defendants and his three-day suspension. Further, the doctrine of respondeat superior, under which a supervisor may be held liable for an employee's actions, has no application to Section 1983 actions against individuals. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir.1993). A person cannot be held liable for

damages under Section 1983 unless the person was personally involved in the alleged wrongdoing. Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997). Factual allegations must be enough to raise a right to relief above the speculative level. Beeson-Dwars at *1, citing C. Wright & A. Miller, Federal Practice and Procedure §1216 pp. 235-236 (3rd ed. 2004). With regard to his three-day suspension, Plaintiff's only allegations relating to Donovan and Carey are that they filed witness reports that they were present for the July 12 incident when, he alleges, in fact they were not. Complaint, ¶¶ 26-28. Plaintiff has failed to allege any reason why Donovan and Carey would submit false statements. Furthermore, he does not allege that he complained to them about political favoritism within the department or that they were aware of his complaints. Plaintiff simply has failed to allege a causal connection between the Defendants' conduct and his three-day suspension. Estate of Porter by Nelson v. Illinois, 36 F.3d 684, 688 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons and for those stated in Defendants' memorandum in support of their motion to dismiss, Defendants respectfully requests that this Court dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel of the City of Chicago

s/Jennifer C. Addison
JENNIFER C. ADDISON
MELANIE PATRICK NEELY
Assistants Corporation Counsel

30 N. LaSalle, Suite 1020
Chicago, Illinois 60602
312/744-5114/5122